502 So.2d 181 (1987)
Frederick BISCHOFF, et ux. Plaintiffs-Appellees,
v.
OLD SOUTHERN LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 86-151.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*182 Brame, Bergstedt (David A. Fraser), Lake Charles, for defendant-appellant.
Kenneth Pitre of Pitre & Assoc., Eunice, for plaintiffs-appellees.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
The plaintiffs, Frederick and Bessie Bischoff, brought this suit to recover benefits allegedly due them as insureds under two medical policies issued by the defendant. The trial judge awarded plaintiffs benefits totalling $10,608.57, and pursuant to La. R.S. 22:657, awarded a like amount as penalties and $3,500.00 in attorney's fees.
From this judgment, defendant has appealed. Plaintiffs have answered this appeal and request an increase in the amount of penalties and attorney's fees as well as additional attorney's fees on appeal.
The facts show that in March of 1982, Don Nelson, an agent for Old Southern Life Insurance Company, called upon the plaintiffs at their residence to sell medical insurance to them. The plaintiffs agreed to purchase two policies whereupon the agent began asking questions of the plaintiffs in order for him to fill out their application. He questioned the Bischoffs as to the number of persons to be covered under the policies, specific health questions of each covered family member including prior medical conditions, and he discussed rates and premiums.
It is obvious from the record that Mrs. Bischoff's prior medical history is extensive. She suffers or has suffered from such conditions as diabetes, high blood pressure, phlebitus, stomach and intestional disorders, a heart condition, back problems, nervous condition, gall bladder disorder and obesity. Mrs. Bischoff stated that when the agent completed the application, she informed him of these problems. The agent, however, submitted a "clean" application listing no illnesses or pre-existing conditions on Mrs. Bischoff or any family member.
In September of 1982 and thereafter, the Bischoffs filed a total of six claims with the defendant, five of which were filed on behalf of Mrs. Bischoff and one claim relating to the Bischoff's son. The record indicates that only $1,401.75 was paid to and accepted by the plaintiffs from Old Southern. After sending demand letters to the *183 defendant for payment under the terms of the policy, this action was commenced.
The issues for our determination are:
(1) Whether the policy exclusion for "pre-existing conditions" should bar some or all of the claims made by the plaintiffs;
(2) If not, to what extent do the policies afford coverage;
(3) Whether the trial judge erred in finding that the defendant was arbitrary in failing to timely pay all of the asserted claims thereby subjecting it to penalties and attorney's fees under La.R.S. 22:657;
(4) Whether La.R.S. 22:657 should be interpreted to hold an insurer liable for penalties under the statute equal to 200% rather than 100% of the benefits due under the terms of the policy; and
(5) Whether the attorney's fees awarded should be increased and whether additional attorney's fees should be awarded on appeal.
Concerning the first issue, the defendant contends that the plaintiffs should be denied coverage because of the two year pre-existing condition exclusion, despite the fact that their application listed no prior medical conditions for Mrs. Bischoff or any other family member. Stated another way, the defendant asserts that the plaintiffs made material misrepresentations in their applications by not noting Mrs. Bischoff's prior medical conditions. With respect to the defendant's contention, we are guided by La.R.S. 22:619, which in part provides:
"B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." (Emphasis supplied).
In Johnson v. Occidental Life Insurance Company of California, 368 So.2d 1032 (La.1979), the Supreme Court enunciated the burden of proof under La.R.S. 22:619(B) as follows:
"Under this statute, as interpreted by this court in Gay v. United Benefit Life Insurance Co., 233 La. 226, 96 So.2d 497 (1957), the insurer must prove that the applicant's false statements were made with the intent to deceive and that they materially affected the acceptance of the risk or the hazard assumed by the insurer." [Citations omitted].
From the record, it is evident that the applications for insurance are not entirely accurate and that Mrs. Bischoff has consulted or been treated by several physicians in the past five years. The record indicates, however, that the Bischoffs' applications were not completed by them, but by the insurance agent. It is interesting to note that the insurance agent who called on the Bischoffs did not testify in the present case. According to both Mr. and Mrs. Bischoff, the agent asked all of the questions, including the questions concerning their health. Mrs. Bischoff testified that the agent told her that he was only concerned with medical conditions which were treated within the last three years.[1] According to Mrs. Bischoff, she never tried to mislead the agent regarding her earlier illnesses and in fact answered the questions truthfully as posed to her by the agent. Despite her testimony that she related her entire medical history, the agent nevertheless submitted a "clean" application to the defendant.
It is well-settled that the acts of an insurance agent in filling out an application form falsely are the acts of his principal, the insurer, and that they do not bind the *184 innocent insured nor do they bar recovery by him or his beneficiaries. Coolman v. Transworld Life Insurance Company, 482 So.2d 979 (La.App. 3rd Cir.1986); Ryan v. Security Industrial Insurance Company, 386 So.2d 939 (La.App. 3rd Cir.1980); Cloud v. Security General Life Insurance Company, 352 So.2d 406 (La.App. 3rd Cir. 1977); Fruge v. Woodmen of the World Life Insurance Society, 170 So.2d 539 (La. App. 3rd Cir.1965).
The record reflects that the application form did contain false statements. The inaccurate statements, however, were the result of the agent filling out the application falsely and not the applicants. The defendant, thus, has not shown that the plaintiffs made any false representations with an intent to deceive. Inasmuch as the defendant failed in its burden of proving an actual intent to deceive on the part of the plaintiffs, it is unnecessary to determine whether the false statements materially affected the acceptance of the risk or the hazard assumed by the defendant. The defendant's contention that the plaintiffs' claims should be barred are therefore without merit.
Having found that the plaintiffs' claims are not to be barred in this case, we must determine what amount the defendant owes under the two insurance policies. The first policy is a "Hospital and Surgical Expense Policy" and the second is entitled "Excess Major Medical Expense Policy". Defendant contends that the plaintiffs' calculations, which the trial judge accepted, are not in accord with the coverage provisions of the two policies. The defendant asserts that from a reading of the two policies, it is obvious that the policies provide only limited coverage. However, Mr. and Mrs. Bischoff both testified that the agent told them that the two policies would cover 100% of all bills associated with any claim. It was Mr. Bischoff's understanding that "... the first policy would cover eighty percent of the hospital bill and the second policy would cover what the first one didn't."
In Dowden v. Commonwealth Life Insurance Company, 407 So.2d 1355 (La. App. 3rd Cir.1981), we stated:
"Our courts have recognized that in certain instances of mistake, error, negligence or fraud on the part of an agent or employee of an insurer, a contract of insurance can be reformed to conform to the original intention of the parties thereto. If an agent has knowledge of the true intentions of the policyholder as to the coverage sought, the insurer is bound by its agent's knowledge, and the policy thus issued will be reformed to the insured's original intention." [Citations omitted].
Defendant's only witness, Ms. Beverly Duke, submitted a copy of a potential liability worksheet in reference to the plaintiffs' claims. She figured the total liability under both policies to be $5,678.70. The trial judge, however, awarded the plaintiffs benefits totalling $10,608.57. Even assuming Ms. Duke's calculations to be correct, we will not disturb the trial court's award because of the actions and misrepresentations of defendant's agent when he sold the policies to the Bischoffs.
In addition, the trial court determined that the plaintiffs were entitled to penalties and attorney's fees under La.R.S. 22:657(A). The defendant claims that it has not acted unreasonably in refusing to pay and instead litigating the pre-existing conditions issue. Defendant thus maintains that it should not have been assessed penalties and attorney's fees.
In Cloud v. Security General Life Insurance Company, supra, this Court found that the insurer was unreasonable in refusing to pay the plaintiff's claims and awarded the plaintiff penalties and attorney's fees. The trial judge's reasons for judgment were adopted in support of this finding, a portion of which read:
"`L.R.S. 22:657(A) permits the assessment of penalties and attorneys fees unless the insurer's refusal to pay the claim within 30 days is based on "just and reasonable grounds, such as would put a reasonable prudent businessman on *185 guard, exist." The policy defense that there was misrepresentation this Court has held was without merit. The acts of their insurance agent in filling out the application form with incorrect data when the agent had been given the correct facts are the facts [sic] of his principal, the insurer. Other than relying on the application, the insurer made no effort to prove any misrepresentation by Mrs. Cloud.
The insurer failed to properly investigate and evaluate the legal and factual efficacy of its position and preferred to resist liability upon its technical and tenuous defense of misrepresentation. Such action on the insurer's part renders it liable for the statutory penalties.' See Morein v. American Physicians Ins. Co., 192 So.2d 887 (La.App. 3rd Cir.1966)."
The Cloud case presented facts very similar to those presented here. In this case, Old Southern contests liability by relying on an exclusion in the policy concerning pre-existing conditions and on the fact that Mrs. Bischoff misrepresented her medical condition on her application. The record reveals no thorough investigation into the agent's actions in completing the application forms; therefore, as in Cloud, supra, the defendant was properly cast with penalties and attorney's fees.
On the subject of penalties, it is the plaintiff's contention that an insurer liable for penalties under La.R.S. 22:657 should be assessed with twice the amount of benefits due as a penalty in addition to the payment of the benefits. The plaintiffs maintain that the statute is "clear and free of ambiguity" and, as such, should be applied as written, citing La.C.C.Art. 13. For the following reasons, we disagree.
With respect to penalties, La.R.S. 22:657 provides:
"Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court...."
This provision, however, has been interpreted by the courts of this state on numerous occasions to mean the plaintiff is only entitled to recover twice the benefits due rather than double the amount of the benefits as a penalty in addition to the amount of benefits. Dowden v. Commonwealth Life Insurance Company, supra; Cloud v. Security General Life Insurance Company, supra; O'Donovan v. Bankers Life & Casualty Company, 305 So.2d 643 (La.App. 3rd Cir.1974). Further, as far back as 1935 in Frey v. Manhattan Life Insurance Company of New York, 182 La. 821, 162 So. 633 (1935), the Supreme Court refused to construe Act No. 310 of 1910 [La.R.S. 22:657's predecessor] to mean the plaintiff is entitled to the benefits due plus twice the amount of benefits as penalties.
The final issue concerns adequacy of the amount awarded as attorney's fees in the trial court. Although counsel for the plaintiff argues the award of $3,500.00 should be increased to $10,000.00 due to some 127 plus hours spent on the case, our examination of the record discloses no abuse of the trial court's discretion in fixing the fees at $3,500.00.
Additionally, plaintiffs are seeking $5,000.00 in attorney's fees as a result of services performed by their counsel on appeal. An increase in attorney's fees on appeal is usually awarded when the appellant appeals and obtains no relief on appeal, and the appellee requests it in accordance with proper appellate procedure. Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App. 3rd Cir. 1979), writ granted, 371 So.2d 618 (La. 1979). Furthermore, the litigants successful at the trial level must incur additional expenses to protect their rights upon appeal. Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3rd Cir.1975). Although the plaintiffs in this case are protecting their rights on appeal, they are seeking additional relief by requesting an increase in penalties which was denied at the trial level and denied on appeal. We find, therefore, that the plaintiffs are not entitled to additional attorney's fees on appeal.
*186 For the above and foregoing reasons the judgment of the district court is affirmed at defendant-appellant's costs.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
KNOLL, J., concurs in part for the reasons assigned by GUIDRY, J., and assigns additional reasons.
GUIDRY, Judge, concurring.
I do not agree that the misrepresentations regarding Bessie Bischoff's prior medical condition, although the product of defendant's agent, standing alone, necessarily vitiates the otherwise valid pre-existing condition exclusion in the policy issued by defendant. Usually, material misrepresentations in an application for insurance are probative in determining whether or not the policy ever validly issued. In this case, the defendant is not questioning the validity of the policy based upon alleged material misrepresentations but simply urges that three of the Bischoffs' claims are barred under the pre-existing condition exclusion. However, I am able to agree with the result reached by the author because, in my view, defendant, by reason of the actions of its agent, is effectively estopped from denying its liability under the policies of insurance issued to the Bischoffs. The record leaves little doubt but that both Mr. and Mrs. Bischoff were very candid with defendant's agent in carefully pointing out, at great length, the physical problems which Mrs. Bischoff had suffered from over the years. The agent, with full knowledge of Mrs. Bischoff's prior medical history, submitted a "clean" application. Both Mr. and Mrs. Bischoff testified that, after they had made a candid and full disclosure of Mrs. Bischoff's prior medical history, the agent assured them that there would be no problem with regard to pre-existing conditions other than her phlebitus which might have a waiting period of six months. The testimony of Mrs. Bischoff and her husband in this regard stands uncontradicted. The agent for Old Southern Life Insurance Company was not called as a witness and did not testify. Under these circumstances, I conclude that the otherwise valid pre-existing condition exclusion was waived and the insurer is effectively estopped from denying its liability under the policies of insurance issued to the Bischoffs. Coolman v. Trans World Life Insurance Company, 482 So.2d 979 (La.App. 3rd Cir.1986).
I also do not agree with the author's reasoning concerning defendant's liability to the plaintiffs for the several hospitalizations. Defendant contends that a policy audit indicates it owes plaintiffs the sum of $5,678.70. Plaintiffs contend that a proper audit of the policy reflects that they are due the sum of $10,608.57. The trial judge awarded plaintiffs the amount which they claim to be due. The opinion author, in disposing of this issue, determines that "... [e]ven assuming Ms. Duke's calculations to be correct, we will not disturb the trial court's award because of the actions and misrepresentations of defendant's agent when he sold the policies to the Bischoffs". I do not agree that the actions and misrepresentations of an insurance agent entitles the insured to any greater recovery under the policies then he would otherwise be entitled to. The actions of an agent are probative in determining whether a policy is to be considered valid and enforceable, however, once determined to be enforceable, in my opinion, the insured is not entitled to recovery under the policy beyond that which the insurer agreed to pay by the insurance contract.
Again, however, I agree with the result because the record reflects that the trial court was presented with two audits, one on behalf of the plaintiffs and one on behalf of the defendant. The trial court apparently considered both audits and determined that the audit submitted on behalf of plaintiffs properly reflected the amounts due under the several claims submitted. As I view the matter, this is simply a credibility call, the trial judge considering both audits in light of the provisions of the two policies, concluding that the audit submitted by plaintiffs is based on sound reasoning and a proper interpretation of the provisions of the policies. On this basis, I *187 agree to an affirmation of the trial court's determination as to the amount owed.
I fully agree with the opinion author's treatment of issues 3 and 4, however, I do not agree, under all circumstances, that an appellee, who timely files answer to an appeal seeking relief denied to him in the trial court, should be deprived of additional attorney's fees on appeal simply because he is denied relief on his answer to the appeal. I can concur in this instance because, in my opinion, the amount awarded by the trial court is sufficient to cover the services rendered both at the trial level and on appeal.
For these reasons, I respectfully concur.
KNOLL, Judge, concurring.
I respectfully concur for the reasons assigned by Judge GUIDRY. I, too, agree that an appellee who answers the appeal seeking relief denied him in the trial court but who also successfully defends the trial court judgment should not be deprived of additional attorney's fees on appeal when the relief sought in his answer is denied. See my opinion in Latiolais v. Home Ins. Co., 454 So.2d 902 (La.App. 3rd Cir. 1984), writ denied, 460 So.2d 610 (La.1984). However, I would award appellee an additional $750 for defending the appeal.
NOTES
[1] With respect to prior treatment, the insurance application lists the following question:

"Has any person above consulted or been treated by any physician or practitioner in the last five years?"
Insofar as the insurance agent did not testify in the present case, we are aided only with the testimony of Mrs. Bischoff who testified that the agent said three and not five years.