664 So.2d 566 (1995)
Melissa STACKS, Plaintiff-Appellee
v.
MAYFLOWER TRANSIT, INC., Defendant-Appellant.
No. 95-693.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*567 Andrew Parker Texada, Alexandria, for Melissa Stacks.
Carolyn Jeanelle Smilie, Alexandria, for Mayflower Transit, Inc.
Before THIBODEAUX and WOODARD, JJ., and KNIGHT [*], J. Pro Tem.
THIBODEAUX, Judge.
This lawsuit involves a dispute over moveable property that was damaged while in transport from Sunnyvale, California to Pineville, Louisiana.
The trial court awarded general damages, penalties and attorney's fees to plaintiff, Melissa Stacks. Mayflower Transit, Inc., the defendant-appellant, appeals the award of penalties and attorney's fees. These awards, it claims, are improper because federal law applies and preempts the application of La. R.S. 45:1097.4 which is the basis of the trial court award. Ms. Stacks answers the appeal and requests additional general damages.
For the following reasons, we affirm.

FACTS
In July 1992, Melissa Stacks contracted with Mayflower Transit, Inc. to transport her household goods and furnishings to Pineville for approximately $2,300.00. Mayflower agreed to make delivery in five to ten days, but delivery was not made until more than a month later. Upon delivery, Stacks discovered that nearly every piece of her property was damaged.

LAW & DISCUSSION
In its suspensive appeal, Mayflower contends that the trial court erred in awarding penalties and attorney's fees because La.R.S. 45:1097.4 is preempted by federal law, namely, the Carmack Amendment, 49 USC § 10103, § 10730, and § 11707. Section 11707 of the Carmack Amendment states:
A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under subchapter I, II, or IV of chapter 105 of this title and a freight forwarder shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier or freight forwarder and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission under subchapter I, II, or IV are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property ...
Mayflower insists that the scope of its liability is limited by federal law to the actual loss or injury caused to plaintiff's property. Likewise, Mayflower contends that the remedies provided for in § 11707 are exclusive, and that state law remedies such as attorney's fees and penalties are preempted.
We first note that there is a strong presumption against federal preemption. Cipollone *568 v. Liggett, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992); Sylvester v. Mentor Corp., 95-67, 663 So.2d 176 (La.App. 3 Cir. 9/20/95). Secondarily we note that in order to establish limited liability under the Carmack Amendment, a common carrier has the burden of proving that it:
1) maintained a tariff within the prescribed guidelines of the Interstate Commerce Commission (ICC);
2) gave the shipper a reasonable opportunity to choose between two or more levels of liability;
3) obtained the shipper's agreement as to his/her choice of liability; and
4) issued a receipt or bill of lading (which reflected the shipper's agreement) prior to moving the shipment.
Hughes v. United Van Lines, Inc., 829 F.2d 1407 (7th Cir.1987); Acro Automation Systems v. Iscont Shipping, Ltd., 706 F.Supp. 413 (D.Md.1989).
At trial, Mayflower failed to put on evidence pertaining to its maintenance of a tariff in compliance with ICC requirements. Tariff No. 104-E was merely attached to Mayflower's post-trial brief. Neither a brief nor an attachment thereto is considered evidence. Mayflower cannot now contend that its liability is limited under § 11707 since the carrier failed to proffer evidence to establish such limited liability. The federal preemption doctrine does not apply. State law applies instead. Accordingly, Mayflower's appeal becomes a question of whether vel non the trial judge properly assessed penalties and fees under La.R.S. 45:1097.4 which provides:
A party receiving a judgment for damages under R.S. 45:1097.1-45:1097.5 shall, in addition to damages assessed under R.S. 45:1097.3 receive a reasonable award for attorneys' fees and court costs.
La.R.S. 45:1097.3 is the companion provision to the foregoing and it provides, in pertinent part, that:
B. No assessment of damages under this section may be made after settlement of a claim in good faith either by payment or by denial of liability.
C. The provisions of Subsection B of this section do not apply to a settlement of a claim either by payment or by denial of liability where the payment or denial of liability is made in bad faith and for the sole purpose of avoiding damages under R.S. 45:1097.1-45:1097.5.
La.R.S. 45:1097.3(B) instructs courts not to assess damages against a carrier who in good faith pays or denies liability. See Aaron v. Bankers and Shippers Ins. Co. of New York, 475 So.2d 379 (La.App. 1 Cir.1985). However, a carrier in bad faith may be assessed damages, penalties and attorney's fees under La.R.S. 45:1097.3(C) and 45:1097.4, respectively. By awarding damages, penalties and attorney's fees, the trial judge apparently found that Mayflower failed to settle Stacks' claim in good faith. Under La.R.S. 45:1097, a trial court's assessment of the carrier's good faith is a factual determination. It is well settled that a trial court's findings of fact will not be disturbed on appeal unless they are manifestly erroneous. Finding no such error, we affirm the lower court's award of penalties and attorney's fees.
In her answer to Mayflower's appeal, Stacks asks this court to increase the lower court's general damages award from $4,053.44 to $8,024.56. Plaintiff also seeks a $1,500.00 increase in the trial court's award of attorney fees from $4,300.00 to $5,800.00 which represents the additional cost of defending Mayflower's appeal.
On October 19, 1994, plaintiff's expert furniture refinisher, Mr. Glen Armand, was unable to appear for trial. In lieu of live testimony, the court agreed to hold the record open for Armand's deposition. The trial court rendered reasons for its ruling on November 9, 1994; however, Armand was not deposed until November 4, 1994 and his deposition was not made part of the record until sometime after the court's reasons were rendered. Stacks seeks an increase in the lower court's general damages award based upon her allegation that the trial court erred in awarding general damages without considering the deposition testimony of her expert furniture refinisher.
A trial court is not bound by its reasons for judgment. See City of Kaplan v. *569 Mayard, 616 So.2d 826 (La.App. 3 Cir.1993). Although the trial court's reasons were rendered in November 1994, the judgment was not signed until March, 1995. Thus, the trial court had complete discretion and an ample opportunity to consider the deposition testimony of plaintiff's expert furniture refinisher. The record suggests that the trial judge considered Armand's deposition and refused to accept those calculations.
The basis for awarding additional attorney's fees for services rendered on appeal is that in order to protect her rights on appeal, the litigant successful at the trial level must incur additional expenses which otherwise would not have been incurred. Kleas v. Mayfield, 404 So.2d 500 (La.App. 3 Cir.1981). Normally, when a plaintiff seeks relief that was denied at the trial level, and such relief is again denied on appeal, an increase in attorney's fees for services rendered on appeal is unwarranted. However, "an appellee who answers the appeal seeking relief denied him in the trial court but who also successfully defends the trial court judgment should not be deprived of additional attorney's fees on appeal when the relief sought in his answer is denied." Bischoff v. Old Southern Life Insurance Co., 502 So.2d 181, 186 (La.App. 3 Cir.1987) (Knoll, J. concurring); See also Bischoff, Id. (Guidry, J. concurring); Latiolais v. Home Insurance Co., 454 So.2d 902 (La.App. 3 Cir.), writ denied, 460 So.2d 610 (1984). Stacks successfully defended the appeal in the present case. We find an additional $1,500.00 for work done on appeal is warranted.

CONCLUSION
For the foregoing reasons, the lower court's judgment awarding general damages, penalties and attorney's fees is affirmed. Plaintiff's answer to the appeal and the relief requested therein is denied. Costs of this appeal are assessed against the defendant, Mayflower Transit, Inc.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-First Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.