hDECUIR, Judge.
In this workers’ compensation case, the employer appeals a judgment of the workers’ compensation judge awarding temporary total disability (TTD) benefits to claimant and assessing penalties and attorney fees. For the reasons that follow, we affirm.
*676 FACTS
On December 2, 1992, Erin L. Lormand, an administrative assistant for Rossclaire Construction, Inc., sustained injuries to her lower back in a work-related accident. Over the course of the next seven years, she has undergone the implantation and removal of a spinal stimulator and two surgeries as well as various conservative treatment regimens.
On May 21, 1997, Rossclaire was ordered to pay supplemental earnings benefits, pursuant to a consent judgment. On July 19, 1999, the date of her most recent surgery, Rossclaire reinstated TTD payments.
Lormand filed a claim with the Office of Workers’ Compensation seeking outstanding medical expense, requesting authorization for medical treatment, requesting reinstatement of TTD retroactive to January 1998, and requesting penalties and attorney fees. The workers’ compensation judge ordered Rossclaire to reinstate TTD retroactive to May 26, 1998, pay medical expenses in the amount of $1,953.72, as well as certain outstanding pharmacy bills, assessed penalties of $2,000.00 each for failure to pay indemnity benefits and medical expenses, and awarded attorney fees of $5,000.00. Rossclaire lodged this appeal.
TEMPORARY TOTAL DISABILITY BENEFITS
Rossclaire contends the workers’ compensation judge erred in finding that Lor-mand was entitled to TTD benefits from May 26, 1998, rather than the date of her | gsurgery, July 19, 1999. Specifically, Ros-sclaire argues that there was no change in Lormand’s condition which would warrant reinstatement of TTD benefits.
Under Louisiana’s workers’ compensation scheme, a party may reopen the workers’ compensation dispute, and the workers’ compensation judge may modify an award on the grounds of a change in condition. La.R.S. 23:1310.8(B). A party who seeks a modification of a worker’s compensation judgment must prove by a preponderance of the evidence that the worker’s disability has increased or diminished. Thompson v. Natchitoches Parish Hosp. Serv. Dist., 365 So.2d 57 (La.App. 3 Cir.1978). However, because Lormand seeks TTD benefits the workers’ compensation judge noted that she must prove by clear and convincing objective medical evidence that she is physically unable to engage in any employment. La.R.S. 23:1221(l)(c); Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449. The workers’ compensation judge found that Lormand demonstrated a change in condition since the original judgment. This factual finding is entitled to great weight. Fontenot v. Cagle Chevrolet, 448 So.2d 904 (La.App. 3 Cir.1984). Such a finding will not be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Contrary to the assertions of Ros-sclaire, the workers’ compensation judge not only considered the issue of a change in condition but found such a change. Specifically, the workers’ compensation judge said, “Though Lormand requests TTD benefits from January 1998, the medical evidence does not support her entitlement to a clear and convincing degree at that point in time. However, at the time of Dr. Blanda’s May 26, 1998 examination, he noted degenerative changes and retrol-isthesis, recommended an MRI and rendered an opinion that Lormand was probably a surgical candidate.” Dr. Blanda’s opinion was confirmed by Dr. Mayeux, |3an independent medical examiner appointed by the workers’ compensation judge. Under these circumstances, we cannot say the findings of the workers’ compensation *677 judge are clearly wrong. Accordingly, this assignment has no merit.
PENALTIES AND ATTORNEY FEES
Rossclaire next contends that the workers’ compensation judge erred in finding that it did not reasonably controvert Lor-mand’s claim for TTD and in awarding penalties and attorney fees. We disagree.
A claimant is entitled to an award of penalties when a claim has not been reasonably controverted, and when defendant’s failure to pay is found to be arbitrary, capricious and without probable cause, attorney fees shall be awarded. La. R.S. 23:1201(F) and La.R.S. 23:1201.2. In the present case, on first glance it might appear that Rossclaire reasonably controverted Lormand’s claim for TTD benefits. The record reflects that Lormand sought TTD retroactive to January 1998 while Rossclaire did not believe an award was warranted until July 1999. The workers’ compensation judge concluded that TTD was warranted as of May 26, 1998. However, upon closer review, it is evident that the workers’ compensation judge awarded penalties and attorney fees for Rossclaire’s failure to pay retroactive TTD after it received the report of Dr. Mayeux, an independent medical examiner appointed by the workers’ compensation judge, indicating that Lormand was unable to work as of at least November 11, 1998. Under these circumstances, we find the award of penalties and attorney fees for Rossclaire’s failure to timely pay TTD benefits was proper. This assignment has no merit.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge |4is affirmed. All costs of these proceedings are taxed to Appellant, Rossclaire Construction, Inc.
AFFIRMED.