STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-427

BRIAN DOYAL

VERSUS

VERNON PARISH SCHOOL BOARD

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 04-05616
HONORABLE JAMES L. BRADDOCK,
WORKERS' COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Stacey Auzenne, Attorney at Law
P.O. Box 11867
Alexandria, LA 71315
Counsel for Defendant-Appellant:
    Vernon Parish School Board

Maria Losavio, Attorney at Law
P.O. Box 12420
Alexandria, LA 71315
Counsel for Plaintiff-Appellee:
    Brian Doyal

**PAINTER, Judge.**

Defendant, Vernon Parish School Board, appeals the denial of its motion to modify judgment in this workers' compensation case. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a work-related injury suffered by Brian Doyal on October 9, 2003, when a sheet pan rack toppled against him and knocked him to the ground. We have previously considered an appeal in this matter and determined that there was no error in the workers' compensation judge's award of continuing medical treatment of the low back condition and the carpal tunnel surgery recommended by his physicians. *Doyal v. Vernon Parish Sch. Bd.*, 06-1088 (La.App. 3 Cir. 2/7/07), 950 So.2d 902, *writ denied*, 07-832 (La. 06/15/07), 958 So.2d 1190.

We previously noted:

> This matter was instituted on August 5, 2004[,] when the School Board filed a "Disputed Claim for Compensation" and, in its pre-trial statement, asserted that Mr. Doyal fraudulently accepted compensation benefits while earning in excess of ninety percent of his pre-accident wage, provided false statements regarding the occurrence of the accident, and failed to disclose pre-existing back injuries in his employment questionnaire and in the history provided to physicians who treated him after the accident. The School Board sought reimbursement of all indemnity, medical, and mileage benefits. Mr. Doyal filed his own claim and asserted entitlement to TTD benefits as well as penalties and attorney's fees due to the termination of benefits.
>
> The workers' compensation judge denied the School Board's forfeiture claims, reinstated TTD benefits from the date they were last paid, and found Mr. Doyal entitled to continued medical care, including the recommended back surgery and carpal tunnel release. The trial court awarded $8,000.00 in penalties and $25,000.00 in attorney's fees pursuant to La.R.S. 23:1201(I).

*Id*. at 904-5.

We affirmed the workers' compensation judge's ruling in its entirety. Then, in August of 2009, Defendant filed a motion to modify the judgment, alleging that Mr. Doyal's treating physician changed his opinion regarding the necessity of a low back surgery and that two orthopedic surgeons had concluded that Mr. Doyal had carpal tunnel syndrome but that it was unrelated to his work injury. Prior to the

1

hearing on this motion, Mr. Doyal's treating physician again changed his opinion regarding the necessity of the back surgery. Accordingly, the School Board approved payment for the back surgery, and the only issue at trial was the carpal tunnel surgery.

The workers' compensation judge denied the School Board's motion and stated that he was not inclined to reverse his previous finding of a causal connection between the work-related accident and Mr. Doyal's carpal tunnel syndrome. The School Board now appeals this ruling. The School Board contends that the workers' compensation judge committed legal error in denying its motion because: (1) the School Board is entitled to a modification of the judgment due to a change in Mr. Doyal's medical circumstances; i.e., two doctors have now concluded that the carpal tunnel syndrome was unrelated to the work-related accident, and (2) the medical evidence is clear and uncontradicted that the carpal tunnel syndrome is unrelated to the accident at issue. Plaintiff answered the appeal, seeking an award of additional attorney's fees for work done on appeal. Defendant filed a motion to strike said answer, and the resolution of that motion was referred to this panel on the merits. In his brief to this court, Plaintiff alleges that the trial court erred in denying expert witness fees, court reporter fees, and costs. However, Plaintiff's answer to appeal sought only additional attorney's fees for work done on appeal. Thus, we do not consider Plaintiff's claims for expert witness fees, court reporter fees, and costs. For the following reasons, we deny Defendant's motion to strike Plaintiff's answer to appeal, and we affirm the ruling of the workers' compensation judge denying the motion to modify judgment.

## DISCUSSION

A party may re-open a workers' compensation case, and the workers' compensation judge may modify an award on the grounds of a change in condition. La.R.S. 23:1310.8(B). "A party who seeks a modification of a worker's compensation judgment must prove by a preponderance of the evidence that the worker's disability has increased or diminished." *Lormand v. Rossclaire Constr.*, 01-515, p. 2 (La.App. 3 Cir. 12/12/01), 801 So.2d 675, 676. The factual findings of the

2

workers' compensation judge are entitled to great weight and will not be disturbed unless clearly wrong. *Id.*

Defendant's based their motion to modify judgment, in part, on the deposition of Dr. Robert L. Morrow, Jr., in which Dr. Morrow stated that he did not think that he could say with any degree of medical certainty that Plaintiff's carpal tunnel syndrome was related to the October 9, 2003 accident. However, we note that Dr. Morrow did not see Plaintiff until some five years after the accident. Defendant contends that a change in medical opinion as to the causation of carpal tunnel syndrome has been made by Plaintiff's treating physicians and that this evidence did not exist at the time of the original trial. We do not agree. All of the doctors agree that Plaintiff has some degree of carpal tunnel syndrome. There is conflicting testimony as to the cause. We note, however, that Plaintiff complained of pain to his left wrist immediately after the subject accident and that this court has already affirmed a finding that the carpal tunnel syndrome was related to this accident.

We agree with the workers' compensation judge , and this court has repeatedly recognized that "causation is not necessarily a medical conclusion, and the ultimate determination as to whether a plaintiff has proved the causation of his disability is made by the courts and not by medical experts." *Bush v. Avoylles Progress Action Comm.*, 07-685, p. 7 (La.App. 3 Cir. 10/31/07), 970 So.2d 63, 68. We cannot say the workers' compensation judge was clearly wrong in concluding that Defendant has not proven a change in circumstances. We, therefore, affirm the denial of the motion to modify judgment.

We now consider Defendant's motion to strike Plaintiff's answer to the appeal. This court recognized that:

> The basis for awarding additional attorney's fees for services rendered on appeal is that in order to protect her rights on appeal, the litigant successful at the trial level must incur additional expenses which otherwise would not have been incurred. *Kleas v. Mayfield*, 404 So.2d 500 (La.App. 3 Cir.1981). Normally, when a plaintiff seeks relief that was denied at the trial level, and such relief is again denied on appeal, an increase in attorney's fees for services rendered on appeal is unwarranted. However, "an appellee who answers the appeal seeking relief denied him in the trial court but who also successfully defends the

3

trial court judgment should not be deprived of additional attorney's fees on appeal when the relief sought in his answer is denied." *Bischoff v. Old Southern Life Insurance Co.*, 502 So.2d 181, 186 (La.App. 3 Cir.1987) (Knoll, J. concurring); See also *Bischoff, Id.* (Guidry, J. concurring); *Latiolais v. Home Insurance Co.*, 454 So.2d 902 (La.App. 3 Cir.), *writ denied*, 460 So.2d 610 (1984).

*Stacks v. Mayflower Transit, Inc.*, 95-693, pp. 5-6 (La.App. 3 Cir. 11/2/95), 664 So.2d 566, 569.

Defendant recognizes that Plaintiff made an oral motion for costs, penalties, and attorney's fees at the trial of its motion to modify judgment but asserts that Plaintiff did not seek any relief at the trial court level and is not entitled to any award of attorney's fees for any response to this appeal. We disagree with Defendant and award an additional $3,000.00 in attorney's fees for work done on appeal.

## DECREE

For all of the foregoing reasons, the ruling the workers' compensation judge denying Defendant's motion to modify judgment is affirmed. Furthermore, we deny Defendant's motion to strike Plaintiff's answer to appeal and award an additional $3,000.00 in attorney's fees for work done on appeal. All costs of this appeal are assessed to Defendant, Vernon Parish School Board.

**AFFIRMED.**