STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-112

RHONDA A. LUQUETTE

VERSUS

CLAYBORN SELF D/B/A
BLOCKBUSTER VIDEO

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 10-09975
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell
306 E. North Street
Post Office Drawer 1329
Opelousas, Louisiana 70571-1329
(337) 948-8201
COUNSEL FOR DEFENDANT/APPELLANT:
    Clayborn Self d/b/a/ Blockbuster Video and
    Bridgefield Casualty Insurance Company

**Michael B. Miller**
**Attorney at Law**
**Post Office Drawer 1630**
**Crowley, Louisiana 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Rhonda A. Luquette**

**GENOVESE, Judge.**

In this workers' compensation case, the employer, Clayborn Self d/b/a Blockbuster Video, and its insurer, Bridgefield Casualty Insurance Company (collectively Blockbuster), appeal the judgment of the Office of Workers' Compensation (OWC) denying their motion to modify a judgment awarding the employee, Rhonda A. Luquette, temporary total disability (TTD) benefits and subsequently denying its Motion for New Trial. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

While employed with Blockbuster, Ms. Luquette sustained a work-related injury resulting in surgery on her back in May 2004. Ms. Luquette was treated by Dr. Louis Blanda, the orthopedic surgeon who performed her back surgery, and Dr. Charles Bramlet, a general psychiatrist, for psychological issues and pain management purposes. In December 2004, the parties entered into a consent judgment awarding Ms. Luquette TTD benefits.

In October 2010, Blockbuster filed a disputed claim for compensation, seeking to have the 2004 consent judgment modified on the grounds that Ms. Luquette's disability status was no longer temporary. Following a hearing, Blockbuster's motion was denied by the workers compensation judge (WCJ). Blockbuster then filed a Motion for New Trial, which was likewise denied. Blockbuster appeals.

## ASSIGNMENTS OF ERROR

On appeal, Blockbuster presents the following assignments of error for our review:

1.  The OWC committed manifest error when it failed to modify the consent judgment of August 15, 2004[1] to reflect that Ms. Luquette's condition was no longer temporary.

2.  The OWC committed manifest error when it failed to grant the Motion for New Trial after denying the motion to modify the consent judgment when the ruling was clearly contrary to the law and evidence.

## LAW AND DISCUSSION

A party may move to modify an existing judgment of the OWC pursuant to the authority of La.R.S. 23:1310.8(B), which provides as follows:

> B. Upon the application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

Pursuant to La.R.S. 23:1310.8(B), Blockbuster sought to modify the consent judgment awarding Ms. Luquette TTD benefits on the grounds of a change in her condition. As the mover, the burden was upon Blockbuster to "prove by a preponderance of the evidence that [Ms. Luquette's] disability has increased or diminished." *Doyal v. Vernon Parish Sch. Bd.*, 10-427, p. 2 (La.App. 3 Cir. 11/3/10), 52 So.3d 917, 920, *writs denied*, 11-305, 11-400 (La. 4/8/11), 61 So.3d 685, 691 (quoting *Lormand v. Rossclaire Constr.*, 01-515, p. 2 (La.App. 3 Cir 12/12/01), 801 So.2d 675, 676). These factual findings of the WCJ "are entitled to great weight and will not be disturbed unless clearly wrong." *Id.*

Ms. Luquette testified on her own behalf at the hearing on the motion to modify. According to Ms. Luquette, she continues to have significant physical and emotional problems. She testified that she has continuing problems with her back

---

[1]  Blockbuster's use of August 15, 2004, as the date of the consent judgment is an error as the disputed claim for compensation reflects a date of December 15, 2004, and the judgment on the motion to modify the judgment contains a date of December 14, 2004. The actual consent judgment is not part of the record.

2

and both hips, as well as radiating pain down her left leg. She takes pain medication four times a day and medication to help her sleep. Ms. Luquette explained that she experiences "good and bad days." On a good day, she does manage to do some household chores, but she is unable to do "any real cleaning." On what she described as a bad day, Ms. Luquette states that she is "in bed most of the day" due to pain. It was her testimony that she has trouble with prolonged sitting and standing, and she has trouble walking.

Doctor Blanda's deposition testimony was also introduced into evidence at the hearing. His opinion, based upon a recent functional capacity evaluation, is that, physically, Ms. Luquette is able to perform some like-duty work. However, Dr. Blanda recognized that "there's [sic] some other issues . . . that go beyond the orthopedic problems that probably need to be considered[.]" He explained that although "she can do certain things[,]" what also needs to be considered is "whether she can continue to do that day in and day out because of psychological problems[.]" Dr. Blanda confirmed that he has never released Ms. Luquette to return to work.

The deposition testimony of Dr. Bramlet was also introduced. Dr. Bramlet testified that he has primarily treated Ms. Luquette for pain management, but he has also addressed some of her psychiatric problems. Consistent with Dr. Blanda's testimony, Dr. Bramlet explained the necessity of factoring in Ms. Luquette's psychological condition with her physical limitations. Dr. Bramlet agreed with Dr. Blanda that Ms. Luquette could do light-duty work from a physical standpoint alone; however, when coupled with the psychological component of her condition, he is of the opinion that she is not capable of returning to work. According to Dr. Bramlet, Ms. Luquette still has some significant psychological problems. Although Dr. Bramlet was willing to review light-duty work descriptions, he

3

maintained that Ms. Luquette was unable to work, and he acknowledged the "mixed picture" that was presented.

Based upon the evidence of record, and considering no contradictory medical evidence, we do not find the factual findings of the WCJ to be clearly wrong. Therefore, we affirm the judgment of the OWC denying Blockbuster's motion to modify the December 2004 consent judgment.

In its second assignment of error, Blockbuster asserts that the WCJ erred in failing to grant its Motion for New Trial. We disagree.

Louisiana Code of Civil Procedure Article 1972(1) provides that a new trial shall be granted "[w]hen the verdict or judgment appears clearly contrary to the law and evidence." An appellate court reviews the grant or denial of a motion for new trial pursuant to the abuse of discretion standard of review. *Harbor v. Christus St. Frances Cabrini Hosp.*, 06-593 (La.App. 3 Cir. 11/2/06), 943 So.2d 545.

Relative to the denial of its Motion for New Trial, Blockbuster advances the same arguments it raised in its first assignment of error and concludes that "there was ample evidence to show that Ms. Luquette's condition should no longer be classified as temporary total disability." Based upon our review of the record, for the reasons set forth above, we find no abuse of discretion in the WCJ's denial of the Motion for New Trial.

## DECREE

For the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation denying the motion to modify the December 2004 consent judgment filed by Clayborn Self d/b/a Blockbuster Video and Bridgefield Casualty Insurance Company awarding Rhonda A. Luquette temporary total disability benefits. The judgment denying their Motion for New Trial is likewise affirmed. All costs of

4

these proceedings are assessed to Clayborn Self d/b/a Blockbuster Video and Bridgefield Casualty Insurance Company.

**AFFIRMED.**

5