# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1285


KATHLENE WALKER

VERSUS

THE SUMMIT


**********

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
## PARISH OF RAPIDES, NO. 10-05782
## JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**


**Lawrence B. Frieman**
**Bradley P. Naccari**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**330 North New Hampshire Street**
**Covington, LA 70433**
**(504) 851-7270**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     The Summit

**W. Jay Luneau**
**Graham M. Brian**
**Luneau Law Office**
**1239 Jackson Street**
**Alexandria, LA 71301**
**(337) 767-1161**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
**Kathlene Walker**

**PAINTER, Judge.**

Defendant, The Summit, appeals the decision of the Workers' Compensation Judge (WCJ) denying its motion to modify judgment which sought to have a prior judgment in favor of the claimant, Kathlene Walker (Walker), modified to include a finding that Walker is capable of working and is no longer entitled to benefits or, alternatively, to include a finding that Walker is capable of working and entitled to SEB. For the following reasons, we affirm the denial of this motion.

## FACTS AND PROCEDURAL HISTORY

Walker had been employed as a housekeeper at The Summit, a nursing home, for approximately seventeen years when she was injured in the course and scope of her employment on- July 31, 2009. Walker alleged that she slipped and fell in a puddle of water and injured her right knee, right hip, and back. Walker did have pre-existing problems with arthritis in her right knee

When The Summit denied compensability for this claim and did not pay any medical or indemnity benefits, Walker filed a 1008 on July 6, 2010. A trial was held on March 2, 2012, and the WCJ issued oral reasons for judgment on March 7, 2012, wherein he found in favor of Walker and ruled that she was entitled to receive medical benefits and temporary total disability (TTD) benefits. The WCJ also awarded penalties in the amount of $8,000.00 and attorney's fees in the amount of $8,500.00 to Walker. Judgment in accordance with the WCJ's oral reasons was signed on May 9, 2012. The Summit did not appeal this judgment and began paying TTD benefits as ordered. However, on June 12, 2013, The Summit filed a motion to modify the May 9, 2012 judgment.

The Summit alleged that Walker had not seen either her treating orthopedist, Dr. Todd Drury, or her treating neurosurgeon, Dr. Troy Vaughn, since before the trial in March 2012. The Summit alleged that its choice of orthopedist, Dr. Karl

Bilderback, examined Walker on November 7, 2012, and later approved a list of modified job duties. The Summit further alleged that it made a job offer to Walker with those modified job duties and that Walker was requested to return to work on June 28, 2013.[1] The Summit sought to have the original judgment amended in accordance with Dr. Bilderback's findings to show either that claimant was able to return to work such that she was not entitled to benefits or that she was capable or working and entitled to SEB.

A hearing on The Summit's motion was held on July 1, 2013. The Summit called only one witness, Lyman Philips, the claims manager for Walker's case. Walker also called only one witness, Jessica Anders, the paralegal employed by Walker's attorney. Among other things, Dr. Bilderback's report and Dr. Drury's medical records (which included an affidavit signed by Dr. Drury) were admitted into evidence. The WCJ denied the motion, finding that The Summit had not met its burden of proof under La.R.S. 23:1310 to show that Walker's disability had diminished. The WCJ specifically stated that there was no opinion from Walker's treating physicians as to her ability to return to work or approval of any job offered to Walker, that there was nothing in the record to show what Walker's restrictions are such that it cannot be determined whether she can perform the "job" offered to her (which the WCJ also noted to be an "unnamed position"), and that there was a need for further testing as indicated by The Summit's own choice of physician, Dr. Bilderback.

The Summit now appeals, asserting that the WCJ erred in three particulars: (1) in failing to find that Walker is no longer entitled to TTD where the evidence shows that her physical condition has improved such that she is capable of performing work; (2) in rejecting the bona fide job offer extended to Walker and in

---

[1] Walker did not return to work on that date.

failing to find that she is no longer entitled to indemnity benefits of any kind; and (3) in abusing its discretion by admitting Dr. Drury's affidavit into evidence as it was severely prejudicial, factually inaccurate, and unreliable. Agreeing with the WCJ's reasoning that The Summit did not meet its burden of proof, we affirm his denial of the motion to modify judgment.

## DISCUSSION

Pursuant to La.R.S. 23:1310.8, a party may seek the modification of an award in a workers' compensation case on the grounds of a change in condition. The burden of proof is on the party seeking the modification, who must show by a preponderance of the evidence that the disability of the worker has either increased or diminished. *Lormand v. Rossclaire Constr.*, 01-515 (La.App. 3 Cir. 12/12/01), 801 So.2d 675. "The factual finding of a workers' compensation judge that [a party] has demonstrated a change in condition is entitled to great weight and will not be disturbed unless clearly wrong." *Hardee v. City of Jennings*, 07-242, p. 3 (La.App. 3 Cir. 5/30/07), 961 So.2d 531, 533, *writs denied*, 07-1779, 07-1799 (La. 11/9/97), 967 So.2d 505, 509 (*citing Lormand*, 801 So.2d 675).

The Summit first argues that the WCJ "committed manifest error in failing to find that the claimant is no longer entitled to temporary total disability benefits where the only competent and relevant medical evidence establishes that her physical condition has improved and that she is capable of performing work." The Summit refers to Dr. Bilderback's report as "the only competent and relevant medical evidence." Walker objected to the introduction of this report, but it was admitted into evidence during the questioning of Philips. The WCJ, in his own questioning of Philips, noted that Dr. Bilderback opined that "if one were to further evaluate Ms. Walker's problems, . . . the EMG and nerve conduction study would be the most reasonable next step." Philips testified that his company did nothing to

3

follow up on this testing since as a second medical opinion physician, Dr. Bilderback could not order any testing.

In asking us to find manifest error in the WCJ's failure to find that claimant is no longer entitled to TTD, The Summit ignores that the burden of proof is on it to show that Walker's disability has diminished and further ignores that the WCJ's finding that it had not proven a change in Walker's condition is entitled to "great weight" and cannot "be disturbed unless clearly wrong." *Hardee*, *Id.* Dr. Bilderback was not called to testify, and his report does not establish what Walker's condition is to any degree of certainty. It merely states that "[e]xamination of her back was not useful due to her large size" and that "examination of her lower extremities was difficult." The WCJ found that Dr. Bilderback's report was insufficient to meet The Summit's burden of proving a change in Walker's condition. The WCJ also specifically noted that one of the reasons it was denying the motion was that there was a need for further testing, as indicated by Dr. Bilderback, and that pursuant to *Pickett v. Stine Lumber Co.*, 93-1534 (La.App. 3 Cir. 01/01/94), 640 So.2d 769, a claimant is entitled to continue receiving TTD benefits when further medical testing is needed to ascertain the claimant's condition. We do not find this conclusion to be clearly wrong.

The Summit next argues that the WCJ "committed manifest error in rejecting the bona fide job offer extended to the claimant and in failing to find that the claimant is no longer entitled to indemnity benefits of any type." The Summit again relies on the testimony of Philips to establish that Walker was capable of performing certain tasks because Dr. Bilderback identified the specific tasks given by Philips were within Walker's physical capabilities. In rejecting this argument, the WCJ specifically noted that there is no opinion from Walker's treating physician as to her ability to work or whether he would approve any job offered to

4

her.  Further, the WCJ noted that there was no functional capacity examination conducted, that there was no vocational rehabilitation performed, and that there was no evidence to show that Walker's educational background or her mental or physical capacity allowed her to perform any of the tasks approved by Dr. Bilderback.  In short, "there's no evidence of what Ms. Walker is capable to do."  Again, we note that it was not Walker's burden to prove her inability to work at this juncture, and we agree with the WCJ that The Summit did not prove that there was a job available that Walker was able to perform.

Finally, The Summit argues that the WCJ "abused its discretion by admitting into evidence an affidavit executed by Dr. Drury which was severely prejudicial, factually inaccurate, and unreliable considering that Dr. Drury had not examined the claimant in over three years at the time he rendered an opinion regarding her condition."  Even if we agree with The Summit that the affidavit should not have been admitted into evidence, we find any error in that regard to be harmless.  The ruling was made solely on the grounds that The Summit did not meet its burden of proof.

**DECREE**

We affirm the WCJ's denial of The Summit's motion to modify judgment. All costs of this appeal are assessed to Defendant-Appellant, The Summit.

**AFFIRMED.**