PETTIGREW, J.
Un this workers’ compensation dispute, the claimant, Charles Poole, Jr., appeals from a September 12, 2018 judgment of the Office of Workers’ Compensation (“OWC”). For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
At all times pertinent hereto, Mr. Poole was employed as a laborer with Guy Hopkins Construction Company (“Guy Hopkins”). Mr. Poole was injured in the course and scope of his employment with Guy Hopkins in April 2003. According to the record, Guy Hopkins paid workers’ compensation benefits to Mr. Poole in the form of temporary total disability (“TTD”) benefits at a rate of $416.00/week from April 30, 2003 through August 4, 2003, when Mr. Poole’s benefits were terminated, prompting him to file a disputed claim for compensation. Thereafter, the matter proceeded to a trial on the merits on February 2, 2006, following which the OWC hearing officer found in favor of Mr. Poole, awarding him TTD benefits in the amount of $416.00 per week, as well as reasonable and necessary medical treatment, penalties, and attorney fees. A judgment in accordance with the OWC hearing officer’s ruling was signed on March 22, 2006. Both Guy Hopkins and Mr. Poole appealed to this court. In Poole v. Guy Hopkins Const., 2007-0079 (La.App. 1 Cir. 11/2/07), 984 So.2d 43, this court affirmed the March 22, 2006 judgment in all respects, with the .exception of the attorney fees awarded. That award was increased by $2,500.00 to reflect the work necessitated by the appeal. Poole, 2007-0079 at 11, 984 So.2d at 52-53.
Guy Hopkins filed a motion for modification of the March 22, 2006 judgment, which was heard by the OWC hearing officer on October 4, 2012. According to the record, a consent judgment was reached by the parties and signed by the OWC hearing officer on December 19, 2012. The judgment entered into by the parties stated, in pertinent part, “The defendant’s motion for modification is denied.”
A second motion to modify was filed by Guy Hopkins on March 25, 2013, requesting that the prior judgment be modified to reflect supplemental earnings benefits (“SEB”) status. In a pre-trial statement filed on August 6, 2013, Guy Hopkins alleged that |sMr. Poole was capable of returning to modified duty work and was at SEB status as opposed to TTD status such that the judgment must be modified.
This matter proceeded to a hearing before the OWC on September 5, 2013, at which time documentary evidence was introduced, and Mr. Poole and his wife testified. After considering the evidence, the OWC hearing officer ruled in favor of Guy Hopkins, finding that a change in circumstances had occurred such that Mr. Poole *16 should be placed into the SEB category. The OWC hearing officer signed a judgment on September 12, 2013, terminating Mr. Poole’s TTD benefits as of September 5, 2013, and awarding SEB benefits beginning September 6, 2013, at the TTD rate of $1,802.66 per month. Moreover, the OWC hearing officer ordered vocational rehabilitation services to begin immediately for Mr. Poole.
It is from this judgment that Mr. Poole has appealed, assigning the following specifications of error:
1. It was legal error for the [OWC hearing officer] to modify Mr. Poole’s entitlement to temporary total disability benefits without finding a change in conditions.
2. The [OWC hearing officer] committed legal error in failing to consider other factors used in deciding the disability of Mr. Poole.
3. The [OWC hearing officer] committed legal and manifest error in requiring that Mr. Poole carry the burden of proof on Guy Hopkins’ Motion to Modify previous judgment.
4. It was legal and manifest error for the [OWC hearing officer] to find that Guy Hopkins Construction was entitled to have Mr. Poole’s temporary total disability benefits changed to supplemental earning benefits.
DISCUSSION
On appeal, Mr. Poole alleges that the record fails to contain a factual basis for finding a change in condition as required by La. R.S. 23:1310.8(B). Mr. Poole further points out that although Dr. Barrow stated that he could return to work in a sedentary work capacity with modifications, Dr. Barrow also opined that his ability to return to work was “very poor” based on his level of education, his age, and the fact that he has not worked in approximately 10 years. Mr. Poole asserts that based on the OWC hearing officer’s reasons for judgment, it is clear that the OWC hearing officer failed to consider |4these factors in deciding his disability status. Thus, Mr. Poole maintains, without a showing of a change in condition by Guy Hopkins, the motion to modify should have been denied. In response, Guy Hopkins asserts that the OWC hearing officer received and weighed all of the evidence and correctly found that there had been a change in condition in that Mr. Poole had improved such that he was physically capable of returning to modified duty work.
Pursuant to La. R.S. 23:1310-8(B), a party may re-open a workers’ compensation case and the workers’ compensation judge may modify an award on the grounds of a change in condition. “A party who seeks a modification of a worker’s compensation judgment must prove by a preponderance of the evidence that the worker’s disability has increased or diminished.” Hardee v. City of Jennings, 2007-242, pp. 2-3 (La.App. 3 Cir. 5/30/07), 961 So.2d 531, 533, writ denied, 2007-1779 (La.11/9/07), 967 So.2d 505, writ denied, 2007-1799 (La.11/9/07), 967 So.2d 509 (quoting Lormand v. Rossclaire Constr., 2001-0515, p. 2 (La.App. 3 Cir. 12/12/01), 801 So.2d 675, 676). A claimant seeking total disability benefits must prove by clear and convincing objective medical evidence that he is physically unable to engage in any employment. La. R.S. 23:1221. The factual finding of an OWC hearing officer that the claimant has demonstrated a change in condition is entitled to great weight and will not be disturbed unless clearly wrong. Hardee, 2007-242 at 3, 961 So.2d at 533.
After hearing from the witnesses and considering the documentary evidence in the record, the OWC hearing officer made *17 the following findings concerning Mr. Poole’s disability status:
This case was tried on September 5, 2013, and the Court ruled from the bench.
The issues before the Court were very narrow: whether the 2006 Judgment awarding Temporary Total Disability (TTD) benefits should be modified and changed to Supplemental Earnings Benefits (SEB) and whether the claimant was entitled to credits or offsets under 23:1212,1225, or 1206.
The Court decided the 2006 Judgment should be modified as follows: The Court awarded Supplemental Earnings Benefits at the Temporary Total Disability rate beginning day of hearing, no credits or | .^offsets pled are awarded and vocational rehabilitation is ordered for Mr. Poole.
The Judgment of 2006 found accident, awarded Temporary Total Disability, awarded reasonable and necessary medical expenses, penalties, attorneys’ fees, and costs. The Court was asked to revisit the characterization of the indemnity benefits portion of the award last year by the employer. As a result, a Consent Judgment was reached on October 4 of 2012, whereon the employer agreed the motion to modify should be denied, and penalties and attorneys’ fees, expenses, and mileage were awarded.
The Court interpreted that Consent Judgment to mean no modification was available to the employer at that time, October 4, 2012. Therefore, the Court limited the scope of this hearing to evidence after the Consent Judgment date.
The Court was provided with three pieces of evidence. First, was the testimony of Mr. Poole and Mrs. Poole. Both testified Mr. Poole is worse today than he was when he had his second surgery, no date of surgery was provided. Neither testified Mr. Poole was continuing to receive medical treatment.
Second, was Dr. Jiha’s report[1] of November 1, 2012, the claimant’s second medical opinion physician. He stated Mr. Poole [was] able to work at a light to medium level; he found him stable and functional, with pain under control.
Third, was Dr. Barrow’s report of March 13, 2013, the Court’s Independent Medical Examiner. He stated Mr. Poole [was] able to return to work at a sedentary level, so long as he can alternate sitting and standing every 30 minutes.
No medical evidence and no testimony was offered documenting Mr. Poole’s treatment by Dr. Hodges, his treating physician, since October 4, 2012.
The Act provides in 1221 for four categories of benefits:
• Temporary Total, for any injury producing temporary total disability of an *18 employee to engage in any employment;
f Permanent Total, for any injury producing permanent total disability of an employee to engage in any employment;
• Supplemental Earnings Benefits, for injury resulting in the employee’s inability to earn equal to 90 percent or more of wages at the time of injury;
• Permanent Partial Disability, for anatomical loss of use or amputation of a body part.
The Court found the intent of the legislature was to provide only four categories to an employee for benefits. There is no category for total disability that’s not either temporary or permanent; nothing else is provided as argued by Mr. Poole’s counsel.
The Court was to decide if Mr. Poole remained entitled to Temporary Total Disability Benefits as determined in 2006 or whether a change in circumstances had occurred such that Mr. Poole should be placed into the Supplemental Earnings Benefits category. The Court found a change had occurred in that two physicians, including the Court’s IME, found Mr. Poole able to return to work. Mr. and Mrs. Poole’s testimony that he was actually worse was not supported by the medical evidence.
Mr. Poole no longer fit into the TTD category per the Act as the Act further states in 1221 TTD benefits “shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made and the employee’s physical condition has improved to the point that continued, regular treatment by a physician is not required.” Drs. Jiha and Barrow determined Mr. Poole’s condition had resolved itself to the point he could return to work with restrictions and there was no evidence of continued, regular treatment by his physician, Dr. Hodges. Therefore, TTD benefits must cease.
Mr. Poole is entitled to an award of Supplemental Earnings Benefits at the TTD monthly rate as there was no evidence Mr. Poole was capable of earning 90% of his pre-injury wage. No evidence was offered to support a credit or offset under 1212,1225, or 1206.
In addition, the Court ordered Vocational Rehabilitation Services be provided to Mr. Poole, by a counselor of the claimant’s choice to be coordinated with Mr. Poole’s counsel.
Signed in Chambers this 12th day of September 2013, in Baton Rouge, Louisiana.
In Dr. Jiha’s report, he notes Mr. Poole’s complaints as follows: “He describes the pain as localized in the lower back and without any radiation to the lower extremities. He reports intermittent tingling and numbness in the left leg and left hand, but denies weakness in the legs.” Dr. Jiha opined that Mr. Poole was stable, and he did not anticipate any worsening of his condition. Dr. Jiha noted, further, as follows: “He |7is functional, and his pain is controlled. He does not need any more surgical intervention.... [T]he patient is at [maximum medical improvement].... [H]e cannot return to work to his previous job as a construction carpenter. However, he should be able to do light and light/medium duty work.” Similar to Dr. Jiha, Dr. Barrow concluded that Mr. Poole was capable of returning to work. Dr. Barrow opined that “Mr. Poole could return to work in a sedentary work capacity, but he would need the options to change positions perhaps every 30 minutes because prolonged sitting and standing increases his symptoms.” Dr. Barrow did not recom *19 mend any further surgery or interventional procedures.
Following an extensive review of the record and exhibits in this matter, we are unable to say that the OWC hearing officer erred in this case. The hearing officer made a specific finding that Mr. Poole had not received any continued, regular treatment by his physician, Dr. Hodges, since October 4, 2012. Moreover, based on the reports of Drs. Jiha and Barrow, the OWC hearing officer found, and we agree, that there was a change in Mr. Poole’s condition in that he was physically able to return to work with restrictions. Accordingly, the OWC hearing officer’s judgment concerning the finding of a change in circumstances sufficient to warrant a modification of judgment is reasonable and supported by the record.
CONCLUSION
For the above and foregoing reasons, we affirm the OWC hearing officer’s September 12, 2013 judgment in all respects. Costs associated with this appeal are assessed against appellant, Charles Poole.
AFFIRMED.

. There is some discrepancy in the record regarding the date of Dr. Jiha’s report. The report is dated October 1, 2012, and indicates a date of evaluation of October 1, 2012. Using this date, Mr. Poole argues on appeal that because Dr. Jiha's opinion was given before the original consent judgment was reached on October 4, 2012, his opinion should not be considered in determining a change in condition. However, it is clear from a complete review of the record that this date is obviously incorrect. According to the "Continuity of Care Record,” the following notes were entered concerning Dr. Jiha’s treatment of Mr. Poole:
10/3/12 — ... [A]dvised PT did not show up for SMO, Advised that per Dr. Jiha, they can RS but if PT does not show up a second time, they will be charged a duplicate fee. 10/15/12 — ... ADJ called to advise that PT has conflicting appt and RS’D SMO to 10/30 @ 3:30PM
11/30/12 — Received completed SMO report. ...