803 So.2d 206 (2001)
Craig NAVARRE
v.
K-MART.
No. 01-CA-753.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*207 Michael J. Tarleton, Metairie, LA, Attorney for Appellant K-Mart.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant/employer, K-Mart Corporation (K Mart), appeals from the ruling by the Office of Workers' Compensation, continuing the employee/claimant, Craig Navarre (Claimant), on temporary total disability (TTD) benefits. For the reasons which follow, we reverse and remand.
The Claimant was an employee at Mart on January 17, 1994 when he sustained a work-related injury to his back. There is no dispute that this was a compensable injury. It was determined that Claimant was temporarily totally disabled and he commenced receiving workers' compensation benefits and payment for medical care. On October 25, 1999, Mart filed a Disputed Claim for Compensation to challenge the disability status of the Claimant, seeking to either reduce or terminate compensation benefits.
A hearing was held on February 5, 2001 wherein the medical records of the independent medical examiner appointed by the trial court, Dr. John Schuhmacher, and the records of the physician selected by Mart, Dr. Robert Steiner, were submitted into evidence. The Claimant and his wife testified at the hearing. The Claimant was not represented by counsel.
*208 Following the hearing, the trial court denied K Mart's motion to reduce benefits, giving the following reason:
I am fully cognizant of what the medical evidence says, including my own doctor. There is no objective reason why this man could not do something, but I am convinced that certainly, for the present time, I don't think he is capable of returning to the work force.
It is from this ruling that K-Mart has appealed. On appeal, K-Mart argues that the trial court erred in continuing Claimant at full indemnity and medical benefits based upon his TTD status, despite any objective medical evidence that he is incapable of returning to the work force.
La. R.S. 23:1221, defining TTD, provides:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
(b) For purposes of Subparagraph (1)(a) of this Paragraph, compensation for temporary disability shall not be awarded if the employee is engaged in any employment or self-employment regardless of the nature or character of the employment or self-employment including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain.
(c) For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
(d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required. (Emphasis added.)
The appellate court's review of the workers' compensation judge's findings of fact is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Starkman v. Munholland United Methodist Church, 97-661 (La.App. 5th Cir.1/14/98), 707 So.2d 1277, 1284, writ denied, 98-0400 (La.3/27/98), 716 So.2d 891. The manifest error rule extends to credibility determinations based upon conflicting medical testimony. Starkman, 707 So.2d at 1284. A *209 court of appeal may not overturn a judgment of the workers' compensation judge absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Barber Bros. Contracting Co. v. Cuccia, 98-0675 (La.App. 1st Cir.4/1/99), 734 So.2d 820.
In this case, the medical records from both physicians indicate that the Claimant has reached maximum medical improvement. Both doctors also indicated that the Claimant could return to work, with restrictions on heavy lifting and repetitive lifting or bending. On the other hand, the Claimant testified that he is often in disabling pain or suffering from disabling migraine headaches that he did not have before the accident. He does not know when he will awaken to a good day or a bad day. He also stated that sometimes he has to lay down and rest in the middle of the day. The Claimant's wife also testified and confirmed his testimony. She stated that she has had to learn to cut the grass and do other physical labor around the house because her husband is not capable of doing it anymore. She also stated that she and the children have become accustomed to the uncertainty of his condition on any given day. The trial judge found both the Claimant and his wife to be very credible.
After reviewing the law and the record, we find that the trial judge was manifestly erroneous or clearly wrong in his ruling. Under La. R.S. 23:1221(1)(c), to establish entitlement to TTD benefits, the claimant must prove by clear and convincing evidence that he is unable to engage in any employment. There is no medical evidence in this record to support a finding that this Claimant cannot perform any type of employment. To the contrary, the reports of both doctors indicate that the Claimant can return to work with lifting and bending restrictions. The Claimant states that he remains in pain. However, working in pain does not entitle a claimant to TTD benefits. Atwood v. Ewing Timber, Inc., 34,045 (La.App. 2nd Cir.12/15/00), 774 So.2d 1140. Rather, the Claimant in this case would more appropriately come within the provisions for Supplemental Earnings Benefits (SEBs).
Further, the statute provides that an award for TTD benefits shall cease when the condition has resolved itself to the point that a reasonably reliable determination of the extent of disability can be made and treatment by a physician is no longer needed. In other words, when the claimant no longer requires treatment and his physical condition has stabilized, an award for TTD benefits is no longer appropriate and a determination regarding the extent of the Claimant's disability must be made.
In this case, the Claimant has been on TTD benefits for over 7 years. The medical evidence indicates that he is not a candidate for surgery and there is no further treatment. The physicians opine that he can return to restricted work. Under La. R.S. 23:1221(1)(d) the Claimant's entitlement to TTD benefits must cease.
However, we are mindful of the trial judge's credibility determination wherein he found both the Claimant and his wife very credible. They both testified of the Claimant's continuous pain that occurs on an occasional basis. The trial judge also noted that it would be difficult for the Claimant to retain regular full time employment under these conditions, where he may have frequent absences or require rest periods during the day. Thus, we find that the record does support the Claimant's possible entitlement to Supplemental Earning Benefits (SEBs). La. R.S. 23:1221(3).
*210 K-Mart acknowledges that the Claimant may come within the SEBs classification, but urges this court to make a finding on this record that the Claimant can earn minimum wage on a 40 hour-a-week job. We find no record support for such a finding. K-Mart acknowledged several times at the hearing that it had not had the opportunity to conduct a Functional Capacity Evaluation (FCE) because the doctor's report was submitted late. Once the employee's burden in seeking SEBs is met, the burden shifts to the employer who, in order to defeat the claim for SEBs or establish the employee's earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee, or was available in his or the employer's community or reasonable geographic region. Atwood v. Ewing Timber, Inc., 34,045 (La. App. 2nd Cir.12/15/00), 774 So.2d 1140. K-Mart has made no such showing in this case. Thus, the case must be remanded for a continuation of the hearing to determine first, whether the Claimant is entitled to SEBs and, assuming that he is, since the trial judge originally found him temporarily totally disabled, second, the amount of the benefits to which he is entitled.
Accordingly, the ruling by the trial court continuing the Claimant's TTD benefits is reversed and set aside and the case is remanded for a continuation of the hearing to determine the Claimant's entitlement to Supplemental Earning Benefits.
REVERSED AND REMANDED.