STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1025

ALYCE MOUTON

VERSUS

WALGREEN COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT NO. 4
PARISH OF LAFAYETTE, NO. 04-04416
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and D. Kent Savoie, Judges.

AFFIRMED.

Michael B. Miller
Miller & Associates
Post Office Drawer 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellant:
    Alyce Mouton

**James F. Scott**
**James F. Scott, III, L.L.C.**
**3045 Ridgelake Drive, Suite 201**
**Metairie, Louisiana 70002**
**(504) 838-8811**
**Counsel for Defendant/Appellee:**
**Walgreen Company**

**KEATY, Judge.**

Claimant, Alyce Mouton, appeals a judgment rendered by a workers' compensation judge (WCJ) in favor of her former employer, Walgreen Company[1] (Walgreens), terminating her entitlement to indemnity benefits. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

After a March 27, 2007 trial, the WCJ rendered judgment on August 14, 2007,[2] (hereafter "the original judgment") finding that Claimant "was injured in the course and scope of her employment with Walgreen Drug Stores on March 29, 2004 and April 5, 2004" and ordering Walgreens to pay her $429.00 in weekly temporary total disability benefits (TTDs) beginning April 6, 2004, along with all reasonable and necessary medical treatment resulting from her workplace injuries.[3] This court affirmed the judgment. *See Mouton v. Walgreen Co*., 07-1403 (La.App. 3 Cir. 4/2/08), 981 So.2d 75.[4]

In December 2016, Walgreens filed a Motion to Modify Judgment and Suspend Indemnity Benefits, alleging that there had been a change in condition and that the original judgment should be modified, pursuant to La.R.S. 23:1310.8(B), to convert Claimant's benefits from TTDs to supplemental earnings benefits (SEBs), pursuant to La.R.S. 23:1221. The basis of Walgreens' motion to modify was a July 8, 2015 report issued by Dr. Angela Mayeux in her capacity as the Independent Medical Examiner (IME) wherein she found, for the first time, that

---

[1] We note that in its answer and all subsequent pleadings, Walgreens identifies itself as "Walgreens Drug Stores."

[2] The original judgment erroneously listed its signing date as 2005 rather than 2007.

[3] In addition, Walgreens was ordered to pay Claimant a $4,000.00 penalty for failure to pay medical and mileage benefits plus 12% of weekly compensation benefits that were then due and unpaid, plus $18,500.00 in attorney fees and court costs.

[4] We amended the total penalty award to fit within the $8,000.00 statutory cap.

Claimant had reached maximum medical improvement (MMI). In its motion to modify, Walgreens asserted that "Claimant cannot or will not cooperate with" a Functional Capacity Evaluation (FCE), "and is therefore released to return to work at light duty pursuant to the State IME." According to Walgreens, the findings in the IME constituted a change in condition pursuant to La.R.S. 23:1310.8 and warranted modification of the original judgment, converting Claimant's TTDs to SEBs. Because it had paid Claimant more than five hundred twenty weeks of indemnity benefits, Walgreens asked the WCJ to suspend its further payment of indemnity benefits. Claimant did not file an opposition to the motion to modify.

On February 23, 2017, the WCJ held a hearing on Walgreens' motion to modify. At the start of the hearing, Claimant's counsel stipulated that Walgreens had paid Claimant five hundred twenty weeks of indemnity benefits. Thereafter, Walgreens officially offered into evidence the documents that were filed with its motion to modify, including Dr. Mayeux's July 8, 2015 IME report.[5] When Claimant's counsel attempted to offer exhibits into evidence, Walgreens' counsel objected based on La.Dist.Ct.R. 9.9, which requires that opposition memorandum be filed at least eight days before a contradictory hearing. After counsel for Walgreens declined the WCJ's offer to continue the hearing on its motion, the WCJ allowed Claimant's exhibits into evidence. Those exhibits consisted of the original judgment, the IME reports Dr. Mayeux completed after examining Claimant on three occasions,[6] and certified records from Claimant's pain management physician, Dr. Daniel Hodges. No witnesses testified at the hearing. After hearing arguments from counsel, the WCJ took the matter under advisement and the parties were ordered to file post-hearing briefs. On July 5, 2017, the WCJ

_____

[5] In light of the aforementioned stipulation, Walgreens withdrew several of the exhibits that had been attached to its motion.

[6] Dr. Mayeux examined Claimant on February 14, 2007, July 18, 2012, and July 8, 2015.

2

issued oral reasons for ruling in the presence of counsel in which it stated that it would enter judgment in favor of Walgreens and against Claimant, granting Walgreens' motion to modify judgment and suspend indemnity benefits, rendering judgment modifying the original judgment to convert Claimant's temporary total disability benefits (TTDs) to supplemental earning benefits (SEBs), and suspending and terminating Claimant's entitlement to indemnity benefits "as more than five hundred twenty (520) weeks of indemnity has been paid."[7] Counsel for Walgreens submitted a written judgment in the substance of the WCJ's oral ruling which was signed on August 25, 2017.

Claimant now appeals, asserting the following assignments of error:

1.  The workers' compensation judge erred in finding that Walgreens provided proof that there was a change in conditions.

2.  It was error for the workers' compensation judge to find that Ms. Mouton was no longer entitled to temporary total disability benefits.

3.  The workers' compensation judge erred in finding that Walgreens was entitled to change Ms. Mouton's weekly benefits from TTD to SEB and in terminating Ms. Mouton's indemnity benefits.

**DISCUSSION**

"Factual findings of the WCJ are subject to manifest error review." *Numa C. Hero & Son v. Leleux*, 15-305, p. 3 (La.App. 3 Cir. 10/28/15), 178 So.3d 595, 598. "Whether the burden of proof has been satisfied" is a question of fact for the WCJ. *Id.* "Under the manifest error rule, the reviewing court does not decide whether the factfinder was right or wrong, but only whether its findings are reasonable." *Id.*

_____

[7] In the August 25, 2017 judgment, the WCJ denied an exception of res judicata that Claimant's counsel filed in open court at the February 23, 2017 hearing. Claimant did not seek review of that ruling.

Louisiana Revised Statutes 23:1310.8 (emphasis added), titled "Jurisdiction continuing; determining as to final settlement," provides in pertinent part as follows:

> A. (1) The power and **jurisdiction** of the workers' compensation judge over each case **shall be continuing** and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified. . . .
>
> . . . .
>
> B. Upon the motion of any party in interest, **on the ground of a change in conditions**, the **workers' compensation judge may**, after a contradictory hearing, **review any award, and**, on such review, may **make an award ending, diminishing, or increasing the compensation previously awarded**, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
>
> . . . .
>
> F. **An award of temporary total disability benefits may be modified** by the filing of a motion for modification with the same court that awarded the benefits and under the same caption and docket number without the necessity of filing a new dispute. . . .

"A party who seeks a modification of a worker's compensation judgment must prove by a preponderance of the evidence that the worker's disability has increased or diminished." *Lormand v. Rossclaire Constr.*, 01-515, p. 2 (La.App. 3 Cir. 12/12/01), 801 So.2d 675, 676. A WCJ's factual finding that a party has demonstrated a change in condition is entitled to great weight and "will not be disturbed unless clearly wrong." *Id.*

Louisiana Revised Statutes 23:1221(1)(a) provides that "[f]or any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages," the injured employee shall receive TTDs "during the period of such disability." The statute provides, however, that such benefits "shall cease when the physical condition of the employee has resolved

4

itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required." La.R.S. 23:1221(1)(d). "Upon reaching maximum medical improvement, an injured worker who is able to return to work, even in pain, is no longer eligible for TTD benefits, but instead is relegated to SEB benefits if he is unable to earn 90% of his pre-accident wages." *Numa Hero*, 178 So.3d at 600. Nevertheless, the right to receive SEBs "shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate." La.R.S. 23:1221(3)(d). "An IME's medical conclusions are given significant weight because the IME is an objective party; however, the WCJ should evaluate all of the evidence presented in making a decision as to a claimant's medical condition." *Numa Hero*, 178 So.3d at 602.

In *Numa Hero*, the employer filed a motion to modify an earlier consent judgment, under which it agreed to pay the claimant TTDs, to reclassify the benefits to SEBs while leaving the amount of benefits untouched. At the hearing on the motion, the parties submitted a deposition of the State-appointed IME physician, Dr. Christopher Belleau, along with the medical records and exhibits attached to it, plus the records of the employer's choice of physician and the claimant's pain management physician. In his deposition, the IME doctor stated the claimant "had reached maximum medical improvement and that he was capable of sedentary work with some restrictions," and the employer's choice of physician indicated that the claimant could perform work without restriction. *Numa Hero*, 178 So.3d at 597. This court affirmed the WCJ's ruling granting the employer's motion to modify the claimant's benefits from TTDs to SEBs, despite the claimant's testimony that his pain had become "more intense and frequent" and that he continued to see Dr. Hodges once every three months for pain management.

5

*Id.* at 601. In doing so, this court first had to decide "the applicable burden of proof required for modification of TTD benefits to SEB benefits." *Id.* at 598. We noted that under La.R.S. 23:1310.8, the employer had to (1) "prove by a preponderance of the evidence that there was a change in [the claimant's] condition or circumstances in order to establish the WCJ's jurisdiction; and (2) It must also prove by a preponderance of the evidence that, because of [the claimant's] change in condition or circumstances, [her] entitlement to TTD under La.R.S. 23:1221(1)(d) had ceased." *Id.* at 599. In affirming the judgment on appeal, we noted that despite her failure to "mention La.R.S. 23:1221(1)(d) in her written reasons for ruling, she fully considered the facts necessary to terminate TTD under [that statute,]" and we concluded that her "factual findings were reasonable in light of the evidence presented." *Id.* at 600, 602.

Given the nature of the errors assigned by Claimant in this appeal, our task is to determine whether Walgreens met its burden of proving that it should be allowed to modify Claimant's TTDs to SEBs. In its oral reasons, the WCJ herein quoted extensively from *Numa Hero*. The WCJ then detailed the substance of Dr. Mayeux's July 8, 2015 IME report, which listed the medical records Dr. Mayeux reviewed since she last examined Claimant, along with Dr. Mayeux's current impression of Claimant's condition, which we repeat below:

> Status post back and neck injury in 2004 with subsequent cervical and lumbar surgery, the patient does have findings today consistent with atrophy in her right upper extremity with decreased strength in C-7 bilaterally and some chronic denervation in the C-6 and C-7 nerve root on the right which goes along with her physical examination. In her lower extremity she was found to have two centimeters of atrophy in her right calf. I do not have the lower extremity nerve conduction studies to correspond. From the studies that I reviewed, it appears that her cervical and lumbar fusions are solid with no interval development of foraminal or central canal stenosis either in her cervical or lumbar spine based upon radiologic studies.

> I feel that this patient is at maximum medical improvement. I was not asked to address her pain management situation, and I will defer to Dr. Hodges on that. As far as her ability to return to work, I would recommend a functional capacity evaluation. I would recommend that she be returned to work in a capacity that is consistent with the examination. If she cannot or will not cooperate with the functional capacity examination, I would recommend that she be returned to work at light duty.

Next, the WCJ stated he had reviewed the records from Dr. Daniel Hodges, who currently manages Claimant's pain symptoms with visits approximately once every three months. The WCJ referenced a questionnaire that Dr. Hodges filled out in June 2016, wherein Dr. Hodges was asked, "Per IME of 7.8.15, Dr. Mayeux opined Ms. Mouton is at Maximum Medical Improvement (MMI). Are you in agreement with this opinion? If "NO", anticipated date of MMI." Dr. Hodges' response was "Disabled can't work 8 hrs/day 5 days/wk." Dr. Hodges was then asked, "Dr. Mayeux recommended a Functional Capacity Evaluation (FCE) to address Ms. Mouton's ability to [Return to Work]. She stated she be returned to work in a capacity that is consistent with the FCE. Are you in agreement with this opinion?" In response, Dr. Hodges stated: "Don't think necessary b/c she is disabled; can't justify FCE." The next question was, "Dr. Mayeux recommended Ms. Mouton be returned to work at a light duty level if she cannot or will not cooperate with a FCE. Are you in agreement with this opinion?" Dr. Hodges responded, "No. Ms. Mouton is disabled." Finally, in the additional comments sections, Dr. Hodges wrote: "Not looking to get her back to work. Trying to make comfortable with meds."

The WCJ then ruled:

> The Court has evaluated all the evidence. Considering the law and the evidence, the Court finds that the Defendants have met their burden of proof. The Court grants the motion to modify judgment finding that Ms. Mouton is entitled to supplemental earnings benefits at the full rate based upon a zero earnings capacity. Pursuant to the stipulation of the parties, Ms. Mouton has been paid five hundred and

twenty weeks of weekly benefits, thus Ms. Mouton's right to supplemental earnings benefits has exceeded five hundred and twenty weeks and are terminated.

Claimant submits that Walgreens must show that her condition has improved since the original judgment was rendered. She contends that her having reached MMI is not a "change in condition" sufficient to allow Walgreens to modify her benefits under La.R.S. 23:1310.8 and that the February 23, 2017 hearing "was nothing more than a retrial of the 2007 trial with the same evidence, but a different workers' compensation judge."[8] Claimant points out that the evidence shows that she continues to treat with Dr. Hodges and that as late as January 2017, she was referred to a Dr. Joseph Gillespie for C-Facet Injections. Moreover, Claimant insists that her being at MMI demonstrates that her condition has worsened, not improved.

Claimant's belief that Walgreens had to show an improvement in her condition is dispelled by the language of La.R.S. 23:1310.8(B) which allows a WCJ to "make an award ending, diminishing, or increasing the compensation previously awarded." Because the legislature provided a mechanism for a WCJ to increase the amount of compensation to a claimant, it must have contemplated situations where a claimant's condition would have diminished so as to entitle that claimant to a higher amount of compensation.

The WCJ's reasons for rulings demonstrate that he thoroughly reviewed the medical exhibits offered by Claimant and Walgreens. Included in Dr. Mayeux's July 8, 2015 IME report was an IME of Claimant done by Dr. Douglas Bernard in July 2013, at which time he opined that Claimant was at MMI and could return to work. Dr. Mayeux's report noted that she had reviewed Claimant's records from a

_____

[8] The original judgment was rendered by Sam Lowery, and the judgment on appeal was rendered by Adam Johnson.

8

Dr. R. Dale Bernauer who managed her pain from December 2012 to March 2015. Dr. Mayeux also noted that she reviewed notes beginning in December 2012 from Dr. Hodges. Dr. Mayeux stated that Claimant was apparently "getting medications from both Dr. Bernauer and Dr. Hodges, though she does not list the medications from Dr. Bernauer on her medical history."

"[W]hen the claimant no longer requires treatment and his physical condition has stabilized, an award for TTD benefits is no longer appropriate and a determination regarding the extent of the Claimant's disability must be made." *Numa Hero*, 178 So.3d at 600 (quoting *Navarre v. K-Mart,* 01-753, p. 6 (La.App. 5 Cir. 11/27/01), 803 So.2d 206, 209). Here, the medical evidence reveals that Claimant's condition has stabilized, which was not the case when the original judgment was rendered in 2007. Although she continues to receive pain management, which includes medications and facet joint injections, we note that the WCJ in *Numa Hero* modified the benefits of the claimant from TTDs to SEBs where his "condition [w]as no longer 'temporary' but had plateaued into a chronic pain situation . . . treated with regular 3 month visits to Dr. Hodges." *Id.* In addition, since July 2013, Dr. Bernard found Claimant to be at MMI and able to return to work, and as of July 2015, Dr. Mayeux agreed that Claimant was at MMI and could perform light-duty work.

After reviewing the record before us, we are convinced that the WCJ applied the correct burden of proof in this matter. Moreover, given the totality of the medical evidence offered at the hearing on Walgreens' motion to modify, we cannot say that the WCJ's decision to grant the motion, modify Claimant's TTDs to SEBs, and suspend those benefits as Claimant had already collected those benefits for the maximum time allowed by La.R.S. 23:1221(3)(d) was manifestly erroneous. Thus, Claimant's assignments of error lack merit.

9

**DECREE**

For the foregoing reasons, the judgment in favor of Walgreens and against Alyce Mouton, granting Walgreens' motion to modify judgment and suspend indemnity benefits, modifying the original judgment to convert Alyce Mouton's temporary total disability benefits to supplemental earning benefits, and suspending and terminating Alyce Mouton's entitlement to indemnity benefits is affirmed. Costs of this appeal are assessed against Alyce Mouton.

**AFFIRMED.**